**In re the Petition for DISCIPLINARY ACTION AGAINST William A. PETERS, an Attorney at Law of the State of Minnesota.**

No. C7–82–467.

Supreme Court of Minnesota.

Aug. 23, 1991.

---

William J. Wernz, Director of the Office of Lawyers Professional Responsibility, Martin A. Cole, Sr. Asst. Director, St. Paul, for appellant.

William A. Peters, respondent pro se.

PER CURIAM.

Respondent William A. Peters is before the court on a petition for disciplinary action alleging six counts of professional misconduct issued January 28, 1991, by the Director of the Office of Professional Responsibility. In 1983 this court suspended respondent indefinitely with leave to apply for reinstatement in three years if he met certain specified conditions. *In re Peters*, 332 N.W.2d 10 (Minn.1983). On January 12, 1987, we ordered respondent's reinstatement to practice conditioned upon three years unsupervised probation and a three year restriction against solo practice. On January 12, 1990, on the expiration of his three year probation, respondent resumed solo practice. We now order his disbarment.

In April 1982, the director filed a petition for disciplinary action against respondent alleging ten counts of misconduct including: abandoning his practice without notice to his clients following eviction from his law office for nonpayment of rent; gross neglect of civil cases including failure to answer interrogatories and six instances where respondent failed to return client phone calls, failed to return client files, or both; failure to pay for contracted services without giving written notice of lack of responsibility; failure to pay for professionally incurred indebtedness; and failure to cooperate with the director in the proceedings. *Id.* at 13–15. Because respondent did not file a timely answer, the allegations were deemed admitted under Rules on Lawyers Prof.Resp. 13(b).

The director sought disbarment. While acknowledging that respondent's misconduct merited disbarment, this court instead indefinitely suspended respondent because of two mitigating circumstances: (1) during the time of the misconduct respondent had been involved in a protracted divorce which resulted in his seeking psychiatric counseling; and (2) prior to his marital difficulties respondent had been a competent attorney. *Peters*, 332 N.W.2d at 17–18. The court permitted respondent to petition for reinstatement within three years conditioned upon, among other things, respondent re-

ceiving psychological or psychiatric treatment and rehabilitating himself so that he would be able to competently and responsibly represent clients. *Id.* at 18. The court subjected respondent's law practice to a trusteeship to protect his clients' interest.

Then followed respondent's indefinite suspension, reinstatement on conditions, three year probationary period and resumption of solo practice. The director received the Westervelt complaint, the first complaint against respondent on which the current petition is based, in October 1989, shortly before the three-year probation ended and received several other complaints shortly thereafter.

The current petition was issued on January 28, 1991, and on February 13, 1991, served by publication because respondent had abandoned his law practice without leaving a forwarding address. On February 20, 1991, the director was appointed trustee over respondent's law practice, and has since been attempting to return all client files. Respondent appeared at the director's office on March 18, 1991, and personally accepted service of the petition but provided no current address.

■ Respondent failed to timely file an answer to the petition. Pursuant to Rule 13(b), Rules on Lawyers Prof.Resp., the allegations set out in the petition are deemed admitted. We consider the following acts of misconduct thus established:

*Unauthorized Practice of Law.* Respondent failed to pay his 1990 attorney registration fee by the due date of June 30, 1990. Respondent was suspended, pursuant to Rule 3, Minnesota Rules of the Supreme Court for Registration of Attorneys, on July 12, 1990, yet continued to practice law after the suspension. Although respondent paid the registration fee plus penalty and was reinstated on September 14, 1990, he failed to provide a written affidavit as required by Rule 26(e), Rules on Lawyers Prof.Resp. Respondent's actions violated Rule 5.5(a), Minn.R.Prof.Conduct (unauthorized practice of law).

*Rathbun Matter.* Respondent failed to respond to interrogatories while representing Vicki Ann Rathbun in a post-dissolution child support case. As part of the proceedings, on April 20, 1990, Beverly Dodge, counsel for Rathbun's ex-husband, served respondent with a notice of motion and motion to set Rathbun's support obligation as well as interrogatories and a demand for production of documents prior to the hearing set for June 1. On May 30, Dodge served a motion to compel discovery because respondent had not responded to the interrogatories even though Dodge had sent him a "reminder" letter on May 21.

Following respondent's objection, the court modified the discovery requests before issuing an order compelling Rathbun to answer. Respondent did not answer, however, nor did he reply to a follow up letter sent on July 23 advising respondent that another motion to compel would be brought if necessary.

On August 10, respondent was mailed courtesy copies of a notice of motion and motion for contempt, to be served personally on Rathbun, which included a request that she be jailed if she failed to comply. Rathbun was personally served on August 14 and the motion was scheduled to be heard August 29. One day before the hearing date, respondent requested a continuance and the hearing was rescheduled to August 31. Both respondent and Rathbun, however, failed to appear at the rescheduled hearing, which resulted in an assessment of $400 in fees against Rathbun.

The hearing was rescheduled to October 5, but again, neither respondent nor Rathbun appeared. The trial judge issued an order for Rathbun's arrest and assessed an additional $400 in fees against her. On October 29, Rathbun and respondent appeared before the court and Rathbun was ordered jailed for ninety days unless she complied with the discovery requests and paid the previous $800 in fees plus an additional $200 in fees for that day's hearing. Rathbun answered the discovery requests on October 31. Respondent then issued a check to Dodge for $1,000 to cover the assessed fees. The check came back marked "NSF" and "account closed." Re-

spondent eventually replaced the check with a cashier's check.

Respondent's conduct violated Rules 1.3 (duty of diligence and promptness); 3.2 (duty to expedite litigation consistent with client's interests); 3.4(c) (knowingly disobeying an obligation of a tribunal) and (d) (failure to make diligent effort to comply with a proper discovery request); and 8.4(c) (dishonesty, fraud, deceit or misrepresentation) and (d) (conduct prejudicial to the administration of justice), Minn.R.Prof.Conduct.

*Westervelt Matter.* Douglas Westervelt retained respondent to help Westervelt obtain additional custody rights to his children following a divorce. Although respondent described himself as being one of the "top" family law practitioners in the State, he did not tell Westervelt of a prior disciplinary suspension nor that he was then on probation following that suspension. Respondent also claimed there was an "80% chance of success" with respect to the custody rights Westervelt sought. These statements and omissions by respondent to his client were improper communications in violation of Rule 7.1(a) (omitting a necessary fact), (b) (creating unjustified expectations about results), and (c) (comparing your services with another lawyer's services absent factual substantiation), Minn.R.Prof.Conduct.

In addition, respondent advised Westervelt to seek relief through Rule 60.02, Minn.R.Civ.P. That rule states, however, that it does not apply to divorce decrees and the trial judge subsequently issued an order on July 3, 1989, denying the motion based on the nonapplicability of Rule 60.02 as well as on the merits. The judge also assessed $450 in fees against Westervelt. Respondent then sought to bring a motion under Rule 52.02, Minn.R.Civ.P., for amended findings with respect to the judge's order. Under the rules, the motion should have been served within 15 days, but since respondent did not file the motion until August 4, the motion was denied as untimely and Westervelt was assessed an additional $400 in fees. Respondent's actions violated Rules 1.1 (duty to provide competent legal representation) and 1.3 (duty of diligence and promptness), Minn.R.Prof.Conduct.

Westervelt asked respondent to pay the $850 in assessed fees, because respondent mishandled the matter, and to refund the unearned portion of the retainer Westervelt had paid to respondent. Respondent refused. Respondent's actions violated Rules 1.16(d) (duty to surrender client's papers and property upon termination) and 8.4(d) (conduct prejudicial to the administration of justice), Minn.R.Prof.Conduct.

*Backelin Matter.* Susan Backelin hired respondent in August 1989 to handle a post-dissolution motion. While respondent promised Backelin that prompt action would be taken, a court date for the motion was not scheduled until March 1990, and the hearing was eventually postponed to May 2, 1990.

Backelin learned that the May 2 hearing date was also going to be postponed because respondent had not given the opposing party sufficient notice of the hearing date. Backelin then discharged respondent by letter on April 25, 1990, requesting return of her file and the unearned portion of her advance fee. Although Backelin made repeated phone calls and left messages, respondent did not return Backelin's file until September 1990, after she had hired a new attorney, and, to date, has not provided Backelin with either a refund or an accounting. Respondent's failure to return Backelin's phone calls, her file and her refund violated Rules 1.4(a) (duty to keep client reasonably informed and to comply with reasonable requests for information); 1.15(b)(3) (duty to maintain complete records of all client funds and to render appropriate accounting to the client), and (b)(4) (duty to promptly pay client's funds when requested), 1.16(d) (duty to surrender client's papers and property upon termination), Minn.R.Prof.Conduct.

*Dimmer Matter.* Respondent represented Betty Dimmer in a December 1989 bank dispute. Respondent had three meetings with either Dimmer or bank personnel, but was unable to resolve the dispute. From that point until August 1990, Dimmer left

more than forty phone messages with respondent which he failed to return. On August 23, 1990, Dimmer complained about the lack of communication by letter, and on September 1, she fired respondent and hired a new attorney. Respondent's conduct violated Rule 1.4(a) (duty to keep client reasonably informed and to comply with reasonable requests for information), Minn.R.Prof.Conduct.

*Non-cooperation.* Respondent failed to cooperate with the director's investigation of the above misconduct allegations. In October 1989, respondent was notified that Westervelt had filed a complaint against him. Respondent provided a written response to the complaint and the matter was forwarded to the Hennepin County District Ethics Committee which gave a report and recommendation to the director on March 5, 1990.

In a letter to respondent's counsel on May 1, 1990, the director requested additional information with respect to the complaint within two weeks. While respondent was out of town, respondent's counsel told the director that respondent would provide the requested information by May 15. After respondent failed to provide the information, respondent's counsel then stated that respondent would respond by July 23, but again, respondent did not provide the information.

Respondent was similarly notified of the Backelin and Dimmer complaints, but respondent did not comply with the director's request for information in either case despite follow-up letters from the director.

On November 27, 1990, respondent was given a copy of a complaint filed against him by Judge Olson, concerning the Rathbun case. Although he was asked to respond within ten days respondent did not. The director then issued charges against respondent on January 4, 1991, which included notice of a pre-hearing meeting on January 16. The letter notified respondent that attendance at the meeting was mandatory and that failure to appear would result in a motion under Rule 10(d), Rules on Lawyers Prof.Resp. for flagrant non-cooperation. Respondent did not appear.

Based on the above violations, on January 22, 1991, the Lawyers Professional Responsibility Board gave the director approval to file a petition for disciplinary action against respondent. On January 24, 1991, respondent contacted the director's office and said that he "would not participate further in the disciplinary proceedings" and that he intended to relinquish his attorney's license.

The purpose of attorney discipline is to guard the administration of justice; to protect the courts, the legal profession and the public; and to deter future misconduct. *In re Isaacs,* 451 N.W.2d 209, 211 (Minn. 1990). When determining appropriate disciplinary sanctions the court weighs four factors: (1) the nature of the misconduct; (2) the cumulative weight of the rules violations; (3) the harm to the public; and (4) the harm to the legal profession. *Id.* Although prior cases may be helpful by analogy, *In re Flanery,* 431 N.W.2d 115, 118 (Minn.1988), each disciplinary case is decided on its own facts together with any aggravating or mitigating circumstances. *In re Isaacs,* 451 N.W.2d at 211.

The only issue to be decided in this matter is the disciplinary sanction to be imposed. The public must be protected and similar misconduct deterred. *In re Levenstein,* 438 N.W.2d 665, 668 (Minn.1989). Respondent was afforded leniency in the 1983 proceeding. Upon reinstatement to practice, however, he immediately resumed his pattern of neglect without any evidence of the renewed commitment to ethical and professional behavior we expect after a disciplinary proceeding. *In re Simonson,* 420 N.W.2d 903, 906 (Minn.1988). Respondent offers no evidence in explanation or mitigation of his repeated pattern of misconduct. There is no alternative to disbarment.

It is ordered that William A. Peters is hereby disbarred.